IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LINDA J. COBB,                  )
                                )
    Plaintiff,                  )
                                )
    v.                          )         1:04CV872
                                )
DEPARTMENT OF VETERANS AFFAIRS, )
                                )
    Defendant.                  )

MEMORANDUM OPINION

OSTEEN, District Judge

    Plaintiff Linda J. Cobb ("Plaintiff"), pro se, filed this action alleging violations of Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). This matter is before the court on Defendant's motion to dismiss for insufficiency of service of process and for failure to state a claim, under Federal Rules of Civil Procedure 12(b)(5) and (6), respectively. For the reasons stated below, the court will grant Defendant's motion.

**I.   FACTUAL BACKGROUND**

    Plaintiff worked for the Department of Veterans Affairs as a housekeeper in the Durham VA Medical Center ("the Center"), but she eventually resigned from that position. Subsequently, Plaintiff claimed the Center discriminated against her because of her sex, subjected her to sexual harassment, and constructively

discharged her, all in violation of Title VII.  Plaintiff
eventually filed this action after exhausting all administrative
remedies.  Plaintiff's complaint consists of the Equal Employment
Opportunity Commission's decision in the administrative hearing,
a brief submitted for the administrative hearing, and a
collection of affidavits.  Though against whom Plaintiff asserts
this lawsuit is unclear, she served her complaint on John
Ashcroft, U.S. Attorney General at the time of filing, Anna Mills
Wagoner, U.S. Attorney for the Middle District of North Carolina,
Steve McLeod, Chief of Environmental Management Services at the
Center, and Janette Warsaw, Associate Chief Nurse at the Center.

**II.  ANALYSIS**

In the administrative hearings, Plaintiff sued the Secretary
of the Department of Veterans Affairs.  The administrative ruling
informed Plaintiff that if she were to file a civil action, she
"must name as the defendant in the complaint the person who is
the official agency head or department head, identifying that
person by his or her full name and official title."  (Compl. at
7.)  Furthermore, "'[a]gency' or 'department' means the national
organization, and not the local office, facility[,] or department
in which [she] works."  (Id.)  Consistent with this directive,
federal law requires Plaintiff to name her agency head as
defendant.  See 42 U.S.C. § 2000e-16(c) ("[A]n employee . . ., if
aggrieved by the final disposition of his [EEOC] complaint, . . .

2

may file a civil action . . . [,and] the head of the department, agency, or unit, as appropriate, shall be the defendant.").

Plaintiff has not formally named a defendant in her complaint but has served Janette Warsaw and Steve McLeod, both of whom are employees of the Center, in addition to the U.S. Attorney General and the U.S. Attorney for the Middle District of North Carolina. Plaintiff cannot assert Title VII violations against those employees individually. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) (rejecting attempts to imply individual liability in Title VII and noting that "every circuit that has confronted this issue since the enactment of the C[ivil Rights Act] has rejected claims of individual liability. These circuits have founded this conclusion on the language of Title VII and the fact that its remedial scheme seems so plainly tied to employer, rather than individual, liability"). To the extent Plaintiff asserts Title VII claims against those employees, those claims are dismissed for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Thus, Plaintiff can only sue her employer, the Department of Veterans Affairs, which means she must serve the Secretary of that department.

When serving an officer of the United States in his official capacity, among other parties to be served, one must send a copy of the summons and complaint by registered or certified mail to

such officer.  See Fed. R. Civ. P. 4(i)(2)(A).  In her Title VII action against her employer, Plaintiff must serve the Secretary in his official capacity, as Title VII has no individual liability.  Plaintiff has not served the Secretary of the Department of Veterans Affairs in his official capacity.  Thus, Plaintiff has failed to effectuate service upon a defendant, and dismissal is appropriate.  See Fed. R. Civ. P. 12(b)(5) (providing that a case can be dismissed for "insufficiency of service of process").

**III. CONCLUSION**

For the reasons stated above, the court will dismiss this action.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 20th day of January 2006.

/s/ William L. Osteen
United States District Judge